```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X
                                     :
UNITED STATES OF AMERICA             :
                                     :
          - v. -                     :   INDICTMENT
                                     :
ERIC LIRA,                           :   22 Cr.
                                     :
              Defendant.             :   22 CRIM 151
                                     :
- - - - - - - - - - - - - - - - - - X
```

## COUNT ONE
### (Major International Doping Fraud Conspiracy)

The Grand Jury charges:

1. From at least in or about November 2020, through in or about August 2021, in the Southern District of New York and elsewhere, ERIC LIRA, the defendant, knowingly carried into effect, attempted to carry into effect, and conspired with others known and unknown to carry into effect a scheme in commerce to influence by use of a prohibited substance and prohibited method a major international sports competition, to wit, LIRA agreed with others to provide, and did provide, multiple prohibited performance enhancing drugs, including but not limited to human growth hormone and erythropoietin, to athletes qualifying for and intending to compete in the 2020 Tokyo Olympics.

(Title 21, United States Code, Section 2402 & 2403.)

**COUNT TWO**
**(Drug Adulteration and Misbranding Conspiracy)**

The Grand Jury further charges:

2. From at least in or about November 2020, through in or about August 2021, in the Southern District of New York and elsewhere, ERIC LIRA, the defendant, together with others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 21, United States Code, Sections 331 and 333(a)(2).

3. It was a part and an object of the conspiracy that ERIC LIRA, the defendant, together with others known and unknown, with the intent to defraud and mislead, would and did introduce and deliver for introduction, and would and did cause the introduction and delivery for introduction, into interstate commerce, of misbranded drugs, as defined by 21 U.S.C. § 353(b)(1), in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

**Overt Acts**

4. In furtherance of the conspiracy and to effect the illegal objects thereof, ERIC LIRA, the defendant, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

   a. On or about June 7, 2021, LIRA, while in New York City, engaged in conversations with a Nigeria-based athlete

(the "Nigerian Athlete") about LIRA's intent to travel from New York, to El Paso, Texas, and then to Florida, for the purpose of selling misbranded performance enhancing drugs to the Nigerian Athlete and another athlete. Specifically, in the course of that conversation, the Nigerian Athlete transmitted a voice message to LIRA, in substance: "Hey Eric, I just sent you $2,500, can you confirm it via Zelle [an electronic payment application]? And also, remember I told you [the second athlete] had hurt his hamstring, so anything that will help the hamstring really heal fast you can actually bring it as well, ok?" After further discussing the Nigerian Athlete's payments to LIRA, the Nigerian Athlete continued: "I had a bad race yesterday, Eric. 11.02. Upset, angry, and disappointed. . . . You have L arginine injection?"

    b. On or about June 14, 2021, LIRA provided human growth hormone and erythropoietin, a blood builder, to a sprinter based in Switzerland who has competed in several international competitions (the "Swiss Athlete").

    c. On or about June 20, 2021, the Swiss Athlete, via an electronic communication, asked LIRA if the Swiss Athlete's "blood type [would] change . . . [from] the H" — *i.e.*, the human growth hormone provided to the Swiss Athlete by LIRA — and whether the Swiss Athlete should be concerned about "red flag[s]." LIRA responded that "it will be the same blood" and that there would be "[n]o problem with the h," referring to the human growth hormone

3

provided by LIRA to the Swiss Athlete.

      d. On or about August 11, 2021, LIRA and a co-conspirator not named herein ("CC-1") discussed, among other things and via electronic communication, the fact that the Swiss Athlete should claim that his recent positive drug test result for the presence of a particular steroid was caused by the consumption of beef.

      e. On or about August 16, 2021, LIRA and CC-1 discussed, among other things and via electronic communication, the fact that another athlete, the Nigerian Athlete, had recently tested positive for the presence of human growth hormone in advance of the 2020 Tokyo Olympic Games. In that conversation, LIRA advised, in substance and in part, that the consumption of meat could be a plausible excuse to explain the positive test result.

      (Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

    5. As a result of committing the offenses charged in Counts One and Two of the Indictment, ERIC LIRA, the defendant, shall forfeit to the United States, any property real or personal, tangible or intangible, that was used or intended to be used, in any manner, to commit or facilitate a violation of said offenses, or that constitutes or is traceable to the proceeds taken, obtained, or retained in connection with or as a result of a violation of said offenses, including but not limited to a sum of

money in United States currency representing the value of such property.

6. As a result of committing the offense charged in Count Three of the Indictment, ERIC LIRA, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 331(ll), 344, or 355 of this title, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property.

**Substitute Asset Provision**

7. If any of the above described forfeitable property, as a result of any act or omission of the defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third person;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C), Title 21, United States Code, Sections 334, 853, and 2403, and Title 28, United States Code, Section 2461.)

_____          _____
FOREPERSON                                DAMIAN WILLIAMS
                                          United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ERIC LIRA,

Defendant.

INDICTMENT

22 Cr.

(21 U.S.C. §§ 2402 and 2403;
18 U.S.C. §§ 371 & 2)

DAMIAN WILLIAMS
United States Attorney.

A TRUE BILL

_____
Foreperson.

INDICTMENT FILED
3/8/22
USMJ SARAH NETBURN
Wheel B: Judge Schofield