

**MARY STILLINGER**
*Licensed in Texas and New Mexico*
*Board Certified in Criminal Law*
*by the Texas Board of Legal Specialization*

**KATHERINE M. GODINEZ**
*Licensed in Texas and Arizona*

**BERNARD J. PANETTA**
*Licensed in Texas & District of Columbia*
*Of Counsel*

November 6, 2023

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York, 10007

  Re: *United States v. Lira,* 22-CR-151 (LGS)

Dear Judge Schofield:

  As defense counsel for Eric Lira, I am submitting this letter to assist the Court in determining the appropriate sentence in this case, including a consideration of our request for a variance below the applicable guideline range.

Introduction

  The Presentence Report calculates Mr. Lira's total offense level at 13, his criminal history category at I, and a resulting applicable guideline range at 12-18 months. The Probation Office recommends a split sentence within the applicable guideline range of six months, to be followed by two years of supervised release, which would include six months home confinement. A minor variance, of two levels, would take the guidelines into Zone B, which would allow for a sentence of probation with conditions. This minor variance would be the most appropriate result in this case.

Sentencing Factors

  Section 3553(a) begins with the directive that "[t]he court shall impose a sentence sufficient, but **not greater than necessary,** to comply with the purposes set forth in paragraph (2) of this subsection . . .." (emphasis supplied).

  Section 3553(a)(1) directs the Court to consider "(1) The nature and circumstances of the offense and the history and characteristics of the defendant."

EL PASO
401 Boston Ave., El Paso, TX 79902
P: (915) 775-0705

DALLAS
2619 Hibernia St., Dallas, TX 75204
P: (214) 432-0405

stillingerlaw@sbcglobal.net
www.stillingergodinez.com

Section 3553(a)(2) requires the Court to consider:
(2) The need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**The nature and circumstances of the offense**

As the Court is well aware, this case presents the first prosecution under the Rodchenkov Anti-Doping Act ("RADA"). The statute uses international standards (a matter which was the subject of a failed claim that the statute violated the anti-delegation clause of the United States constitution) for the purpose of preserving the integrity of international athletic competitions.

In the spectrum of potential violations of RADA, there would be on one end, the most serious violations where athletes, even very young athletes, feel compelled to use performance enhancing substances by their sponsors or trainers. An average category of violations might be someone who promotes their products to international athletes for profit, perhaps even misleading the athletes regarding the effects. Then, there would be the most innocuous violations, like the ones here, where the defendant assists very knowledgeable athletes, with whom he has a personal relationship, in obtaining the performance enhancing substances.

Mr. Lira had a close personal relationship with the person designated as Athlete 1. Athlete 1 was a mature athlete with extensive knowledge of the substances she was using. Her messages with Mr. Lira show that often she ordered the substances without any input from him. Sometimes he merely assisted her in the financial transaction for what she wanted ordered from the internet. He did this without any profit motive. Their messages demonstrate their close friendship. All of this demonstrates that Mr. Lira did not commit this crime for profit and did not take advantage of an athlete. On the contrary, the athlete, who as a matter of law cannot be criminally prosecuted under RADA, took advantage of Mr. Lira's desire to help her.

**The history and characteristics of the defendant**

Mr. Lira has led a peaceful life and is a contributing member of his family and community. Attached to this submission are letters to attest to his character and good behavior. He has also been on pretrial release for nearly twenty-two months, without any violations or concerns. As the Probation Office notes, Mr. Lira has a stable life without risk factors. He does not present any danger to the community nor risk of recidivism.

**The need to reflect the seriousness of the offense and provide deterrence**

The Probation Office's recommendation of a guideline sentence is primarily based on the fact that this is a new statute and therefore a message should be sent that violations will be prosecuted harshly. However, the fact that it is a new statute in and of itself provides deterrence

to this type of conduct. Conduct which was not previously illegal is now being aggressively and publicly prosecuted. See the press release attached as Exhibit B.

There is no doubt that Mr. Lira has suffered the consequences of his actions. He has had an ankle monitor and had his travel limited to the United States, when his business operates in Mexico. He has suffered substantial loss of liberty, substantial financial loss and damage to his reputation, which has been personally painful to him.

**The Sentencing Guidelines**

Section 3553(4) directs the Court to consider the applicable sentencing guidelines. In this case, the parties agreed that in the absence of an applicable guideline, they would ask the Court to use the guidelines for obstruction of justice. While Mr. Lira does not urge the application of any other guideline, the Court may nevertheless take into consideration that obstructing a sporting competition cannot actually be considered as serious as an act that violates the processes of law enforcement or courts.

**Conclusion**

Mr. Lira's conduct was the most innocuous violation of RADA one could imagine. In the range of conduct that would be obstruction of justice, this conduct would be outside the norm. A minor variation that would allow for a sentence of probation would be sufficient, but not greater than necessary to address all of the appropriate considerations in sentencing.

                                      Respectfully submitted,

                                      Mary Stillinger
                                      STILLINGER & GODINEZ, PLLC

cc:     Sarah Mortazavi
        Benjamin Gianforti,
        Assistants United States Attorney
        (via ECF)